Louis BERNSTEIN, Plaintiff,

v.

IDEAL HANDBAG FRAME MFG. CORP., Leonard Friedman, Alan J. Ritchkin, and Gerald Friedman, each individually and as Trustees of the Ideal Handbag Frame Mfg. Corp. Profit Sharing Plan, Defendants.

Louis BERNSTEIN, Plaintiff,

v.

HANOVER INSURANCE COMPANY, Defendant.

Nos. CV 92–2978, CV 93–4717.

United States District Court, E.D. New York.

April 14, 1994.

---

Sheldon Feinstein, P.C., Bayside, NY, for plaintiff.

Mandler, Sieger & Unger, Westbury, NY, for defendants Ideal Handbag Frame Mfg. Corp., Leonard Friedman and Gerald Friedman.

Michael M. Premisler, Carle Place, NY, for defendant Alan Ritchkin.

Mait, Wang & Simmons, New York City, for defendant Hanover Ins. Co.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

These two cases involve claims brought by plaintiff Louis Bernstein, one, CV 92–2978, under 29 U.S.C. § 1132, ERISA, to have some $119,000, plus interest, paid to him in his capacity as a beneficiary under a pension plan for the employees of defendant Ideal Handbag Frame Mfg. Corp. (Ideal), the other, CV 93–4717, against Hanover Insurance Company (Hanover) to recover as an alleged third party beneficiary of a policy insuring against the wrong-doing of the trustees of the pension plan.

In CV 92–2978 the complaint alleges that the three individual defendants, Leonard Friedman, Alan J. Ritchkin, and Gerald Friedman, sued individually and as sole trustees of the plan, converted the assets of the plan in violation of their fiduciary duties as trustees, leaving no funds to pay plaintiff his pension when he retired on December 25, 1989.

In CV 93–4717 plaintiff brought suit against Hanover alleging diversity of citizenship and claiming on a fidelity bond insuring against illegal and unauthorized acts of the trustees of the plan. The complaint alleges that plaintiff is a beneficiary of the bond, that the trustees depleted the funds of the plans by illegal and unauthorized expenditures, and that as a result plaintiff has not been paid his vested interest in the plan on his retirement.

The depositions of the three individual defendants show that as the only three trustees under the plan they allowed Ideal to borrow from the plan without giving security, that they thereby took all the assets out of the plan in the total amount of $523,841.00, and that plaintiff has not been paid his pension because there is no money in the plan.

Plaintiff has moved for summary judgment in CV 92–2978. Under 29 U.S.C. § 1109(a) any person who is a fiduciary with respect to a plan and breaches any of the responsibilities, obligations or duties imposed upon fiduciaries is personally liable to make good "to such plan any losses to the plan resulting from each such breach." Under 29 U.S.C. § 1132(a) a civil action may be brought by a participant or a beneficiary such as plaintiff to recover benefits due to him under the terms of his plan and to enforce his rights under the terms of the plan.

█ The individual defendants oppose the motion for summary judgment on the ground that the plan has not been made a party to the action.

The individual defendants are laboring under a misconception. The plan is made a party by reason of the fact that all of its trustees have been sued in their capacity as trustees. *Yeseta v. Baima,* 837 F.2d 380, 382–83 (9th Cir.1988).

Under 29 U.S.C. § 1132(e) an employee benefit plan may be sued, and service of the summons upon the trustees constitutes service upon the plan.

█ It is true that the individual defendants in their individual capacity may not be

required to reimburse plaintiff directly for the damage that they admittedly caused him. Under 29 U.S.C. § 1109(a) the individual defendants are personally liable to make good only to the plan for losses to the plan resulting from their breach of their duties. *See Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985).

But in this lawsuit the court may require the individual defendants in their individual capacity to make good to the plan the amounts due to the plan and to require them as trustees of the plan to pay to plaintiff the amount owed to him by the plan. *See* 29 U.S.C. §§ 1109(a), 1132. The court will order them to do so.

■ In CV 93–4717 plaintiff seeks to recover against Hanover on a bond it issued insuring against illegal and unauthorized acts of the trustees of the plan.

Hanover moves to dismiss on the ground that the "insured" under the policy is the plan and not beneficiaries under the plan. General Condition 12(b) of the policy provides that the insurance is for the "benefit only" of the named insured, namely, the plan, and specifically states "it provides no rights or benefits to any other person or organization."

The policy, which is attached to Hanover's motion papers, is not susceptible of being read to allow plaintiff to sue as a third party beneficiary. The court will therefore dismiss at this time plaintiff's action against Hanover. The court does not now focus on what, if anything, Hanover may be required to pay to the plan.

The court directs the individual defendants in their individual capacity to pay to the plan, that is, to themselves as sole trustees under the plan, the assets which they diverted from the plan in the amount of $523,841 and of that amount to pay in their capacity as trustees $119,158.34, plus interest from December 25, 1989 to plaintiff.

The plan is also liable to plaintiff for the attorneys fees and costs of the litigation. 29 U.S.C. § 1132(g)(1). Plaintiff may submit affidavits requesting such fees and costs. The court will fix the fees and costs and

direct defendants in their individual capacity to pay them to themselves as trustees and simultaneously to pay them in that capacity to plaintiff.

The complaint in CV 93–4717 is dismissed at this time without prejudice to any claim of the plan against Hanover. So ordered.